IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

FILED

2006 JUN 15 P 12:03

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____ DEPT. CLERK

BARBARA BROWN, Individually and )
as Surviving Wife and as Next of Kin and as )
Personal Representative of the Estate of )
Harold Eugene Brown, Deceased )
)
Plaintiff, )
)
vs. ) NO._____
)
SUN HEALTHCARE GROUP, INC. and ) JURY DEMAND
SUNBRIDGE HEALTHCARE CORPORATION )
doing business as MARSHALL C. VOSS )
REHABILITATION CENTER; )
MAPLEWOOD HEALTH CARE CENTER OF )
JACKSON, INC. d/b/a MARSHALL C. VOSS )
HEALTH AND REHABILITATION CENTER )
)
Defendants, )

## COMPLAINT

Comes now Barbara Brown, Individually and as Surviving Wife and as Next of Kin and as Personal Representative of the Estate of Harold Eugene Brown, Deceased, and sues SUN HEALTHCARE GROUP, INC. and SUNBRIDGE HEALTHCARE CORPORATION, doing business as MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTH CARE CENTER OF JACKSON, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER, for compensatory and punitive damages and for cause of action would respectfully show to the Court as follows:

1

## THE PARTIES

1. Plaintiff, Barbara Brown, is a resident of Roane County, Tennessee.

2. Plaintiff sues SUN HEALTHCARE GROUP, INC., a corporation duly organized and existing under the laws of the State of New Mexico with a principal place of business of 101 Sun Avenue NE in the city of Albuquerque, New Mexico, which at all times material hereto owned, operated, managed and/or maintained a nursing home known as Marshall C. Voss Rehabilitation Center, located at 257 Patton Lane, Harriman, Tennessee 37748, and may be served with citation by serving its registered agent, National Registered Agents, Inc. 1900 Church St., Suite 400, Nashville, TN 37203.

3. At all times pertinent hereto, the defendant Sun Healthcare Group, Inc., is a corporation existing under the laws of the State of Delaware with a principal place of business in Irving, California and is the owner of MARSHALL C. VOSS REHABILITATION CENTER, Roane County, Tennessee, a nursing home licenced by the state of Tennessee, from September, 2002, through August, 2005.

4. Plaintiff sues SUNBRIDGE HEALTHCARE GROUP, INC. and/or SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER, a corporation duly organized which at all times material hereto, managed and/or maintained a nursing home known as Marshall C. Voss Rehabilitation Center, 257 Patton Lane, Harriman, TN 37748, and may be served with citation by serving its registered agent, National Registered Agents, Inc. 1900 Church St., Suite 400, Nashville, TN 37203.

5. At all times pertinent hereto, the defendant Sunbridge Healthcare Corporation, is a corporation existing under the laws of the State of New Mexico with a principal place of business of 101 Sun Avenue NE in the City of Albuquerque, New Mexico and is the operator of the Marshall C. Voss Rehabilitation Center, Roane County, Tennessee, a nursing home licenced by the state of Tennessee, from September, 2002, through August, 2005.

6. Plaintiff sues MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC., a corporation duly organized and which at all times material hereto owned, operated, managed and/or maintained a nursing home known as Marshall C. Voss Rehabilitation Center, 257 Patton Lane, Harriman, TN 37748, and may be served with citation by serving its registered agent, National Registered Agents, Inc. 1900 Church St., Suite 400, Nashville, TN 37203.

7. At all times pertinent hereto, the Defendant MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC., is a wholly owned subsidiary corporation of SUNBRIDGE HEALTHCARE GROUP, INC. and/or SUNBRIDGE HEALTHCARE CORPORATION with a principle place of business at 101 Sun Avenue NE in the City of Albuquerque, New Mexico and is the operator of the Marshall C. Voss Rehabilitation Center, Roane County, Tennessee, a nursing home licenced by the state of Tennessee, from September, 2002, through August, 2005.

8. Plaintiffs would show that at all times pertinent hereto, MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. was the alter ego or agent of Sun Healthcare Group, Inc. and Sunbridge Healthcare Corporation.

9. At all times material to this action, Defendants were engaged in the business of operating the aforementioned licensed nursing home for profit.

10. Defendants Sun Healthcare Group, Inc. and Sunbridge Healthcare Corporation are the real parties in interest as the owners and operators of the above-referenced long-term care facility wherein it is alleged that negligent care, supervision or treatment caused Harold Brown his injuries.

11. Upon information and belief the defendants do not have insurance to cover this claim.

12. At all times material, Harold Eugene Brown was a resident of Marshall C. Voss Rehabilitation Center, a Medicare/Medicaid certified nursing facility licensed by the State of Tennessee.

## JURISDICTION

13. Plaintiff would show that this Court has diversity jurisdiction over this matter.

14. At all times pertinent hereto, MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. was the alter ego and/or agent of Sun Healthcare Group, Inc. and Sunbridge Healthcare Corporation.

15. As the alter ego and/or agent of Sun Healthcare Group, Inc. and Sunbridge Healthcare Corporation, the citizenship of MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. should be disregarded for purposes of determining whether the Court has diversity jurisdiction over this matter. Burnside v. Sanders Associates, Inc., 507 F.Supp. 165, 166 (N.D.Tex.1980), aff'd,643 F.2d 389 (5th Cir.1981).

16. Plaintiff is a resident of Tennessee, and all Defendants are foreign corporations which are residents of the State of New Mexico or California.

17. Plaintiff would further show that the Court federal question subject matter jurisdiction over this matter.

18. Plaintiff would show that the Court has federal question subject matter jurisdiction because the Plaintiff is a third-party beneficiary to a contract between the United States and the Plaintiff. Lawrence v. U.S., 378 F.2d 452, 461 (5th Cir. 1967).

## VENUE

19. This is a civil action brought by Plaintiff for breach of contract and for compensatory and punitive damages from personal injuries and abuse sustained by Harold Eugene Brown, which occurred in Harriman, Roane County, Tennessee and which ultimately, resulted in his severe injury and death.

20. The injuries alleged in this lawsuit were a product of the administrative and financial policies designed, formulated, and implemented by Defendants.

## DEFINITIONS

21. Whenever it is alleged that SUN HEALTHCARE GROUP, INC.; SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; SUNBRIDGE MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER did any act or failed to do any act or thing, it is meant that the officers, agents, or employees of the corporation, and the agents or employees of SUN HEALTHCARE GROUP, INC.; SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTHCARE CENTER OF

JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER respectively, performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationship with the corporation.

## FACTS

22. At all times relevant, SUN HEALTHCARE GROUP, INC.; SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER were engaged in the ownership, operation, management and/or maintenance of a nursing and rehabilitation center, an extended and long term care facility, for profit, known as Marshall C. Voss Rehabilitation Center, 257 Patton Lane, Harriman, Tennessee 37748, operated and/or managed by SUN HEALTHCARE GROUP, INC.; SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER.

23. At all times material, SUN HEALTHCARE GROUP, INC.; SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER held, and does hold itself out the general public, including that of the Plaintiff, as a nursing home facility which was competent and qualified to provide nursing home services and safety with all the necessary care and precaution expected of a nursing home facility.

24. Plaintiff's decedent, Harold Brown, in reliance on SUN HEALTHCARE GROUP, INC.; SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER'S representations, was admitted to the Marshall C. Voss Rehabilitation Center in September 2002.

25. Harold Eugene Brown was admitted to Marshall C. Voss Rehabilitation Center, a licensed nursing home, on or about September 2002, and resided there until approximately August 2005, during which time he suffered injuries and harm as set forth herein.

26. Marshall C. Voss Rehabilitation Center allowed the development of severe decubitus ulcers because of failure to turn and position Harold Eugene Brown on a regular basis.

27. Marshall C. Voss Rehabilitation Center failed to prevent the dehydration of the body of Harold Eugene Brown.

28. Marshall C. Voss Rehabilitation Center failed to prevent the malnutrition of the body of Harold Eugene Brown.

29. As a result of the physical injuries inflicted upon Harold Eugene Brown, Mr. Brown required medical attention, endured pain, suffered mental and emotional trauma, sustained a loss of dignity and individuality and was deprived of his right to attain and maintain his highest practicable physical, mental and psychosocial well being.

## DUTIES

30. At all times material, Defendants owed the following duties to residents of Marshall C. Voss Rehabilitation Center:

   a. To provide Harold Eugene Brown with certain resident's rights, including the right to a dignified existence and self-determination.

   b. To provide Harold Eugene Brown with all care and services required by the nursing standard of care.

   c. To comply with all standards of care required by the Nursing Home Regulations of the Tennessee Department of Health.

   d. To comply with all standards of care required by the State Regulations.

   e. To provide care to Harold Eugene Brown in a manner and in an environment that maintained his dignity and respect in full recognition of his individuality.

   f. To provide Harold Eugene Brown with services, with reasonable accommodation of his individual needs and preferences.

   g. To provide Harold Eugene Brown the necessary care and services so that he could attain or maintain his highest practicable physical, mental and psychosocial well being, in accordance with his comprehensive assessment and plan of care.

   h. To provide services to Harold Eugene Brown by providing sufficient numbers of nursing staff on a 24-hour basis for purposes of providing nursing care and supervision to nursing home residents.

   i. To administer the nursing home facility in a manner that enabled it to use its resources effectively and efficiently in order to attain or maintain Harold Eugene Brown's highest practicable physical, mental and psychosocial well being.

j. To assure that the nursing home operated within governmental laws and regulations, in addition to accepted professional standards and principles that apply to nursing home professionals who provided services to Harold Eugene Brown.

k. To employ nurse assistants who were adequately trained, knowledgeable, and competent in the duties to which they were assigned in caring for Harold Eugene Brown.

l. To adequately screen, hire, train, supervise and retain a sufficient number of competent and qualified medial personnel, including registered nurses, licensed vocational nurses and certified nursing assistants in the facility to enable Harold Eugene Brown to attain or maintain his highest practicable physical, mental and psychosocial well being.

m. To hire managerial agents and administrators to properly supervise all nursing staff members and to implement written protocols and procedures for resident safety and security so as to allow Harold Eugene Brown to attain or maintain his highest practicable physical, mental and psychosocial well being.

n. To ensure that a resident is given the appropriate treatment and services so that his/her abilities in activities of daily living do not diminish.

o. To ensure that a resident who is unable to carry out activities of daily living receives the necessary services to maintain good nutrition, grooming and personal and oral hygiene.

p. To ensure that a resident does not develop pressure sores.

q. To provide those residents having pressure sores with the necessary treatment and services to promote healing, prevent infection and prevent development of new sores.

r.  To ensure that a resident maintains acceptable parameters of nutritional status, such as body weight and protein levels.

s.  To ensure that a resident has sufficient fluid intake to maintain proper hydration and health.

## BREACH

31. The above duties, breached by Defendants, constitute breaches in the standards of care as provided by Tennessee Regulations for nursing homes codified at Chapter 1200 of the Regulations of the State of Tennessee, and by the prevailing professional standard of care in Roane County, Tennessee and in similar communities.

The injuries include but are not limited to the following:

a.  Abuse and neglect as defined by statute.

b.  Loss of dignity and individuality as a result of abuse and neglect.

c.  Physical and mental injury, suffering and mental anguish

32. As a result of the physical injuries inflicted upon Harold Eugene Brown, he required medical attention, endured severe physical, mental and emotional pain and suffering, suffered loss of dignity and individuality, and was deprived of his right to maintain his highest practicable physical, mental and psychosocial well-being.

## BREACH OF CONTRACT

33. The State of Tennessee and the United States contracted with SUN HEALTHCARE GROUP, INC.; SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER, such that SUN HEALTHCARE GROUP, INC.;

SUNBRIDGE HEALTHCARE CORPORATION, d/b/a MARSHALL C. VOSS REHABILITATION CENTER; MAPLEWOOD HEALTHCARE CENTER OF JACKSON, TENNESSEE, INC. d/b/a MARSHALL C. VOSS REHABILITATION CENTER would provide certain services to recipients of benefits according to law. Harold Eugene Brown was an intended third-party beneficiary of this contract. The Defendants has failed to perform its duties as required under the aforementioned contract with the State of Tennessee and the United States, to the detriment of Harold Eugene Brown. Thus, Barbara Brown, Individually and as Surviving Wife and As Next of Kin and as Personal Representative of the Estate of Harold Eugene Brown, Deceased, an intended third-party beneficiary of the aforementioned contract sues Defendants for compensatory damages and all other forms of relief to which she may be entitled due to the Defendants's breach of its contract to provide health care related services to recipients under the State of Tennessee's and the United State's Medicaid and Medicare programs.

## NEGLIGENCE PER SE

34. Defendants were at all times material hereto a licensed nursing facility subject to rules, statutes and regulations promulgated by the State of Tennessee and the government of the United States.

35. Such rules, statutes and regulations, including but not limited to, TCA §68-1-901, set forth minimum standards and requirements of care for patients with conditions and injuries similar to those of Harold Eugene Brown, Deceased.

36. The aforesaid rules, statutes and regulations provide for treatment and establish minimum standards of care for the purpose of preventing danger, harm and injury to individuals like Harold Eugene Brown.

37. Harold Eugene Brown, fell within a class of persons that the aforesaid rules, statutes and regulations were intended to protect, thus entitling the Plaintiff to adopt such laws as the minimum standards of care for measuring the Defendants's conduct.

38. The Plaintiff asserts a claim of negligence per se; asserting that as a matter of law the conduct of the Defendants amounted to negligence, which proximately caused the severe injury of Harold Eugene Brown, Deceased.

## PROXIMATE CAUSE

39. As a direct and proximate result of the negligence of Defendants as set forth above, Harold Eugene Brown, suffered injuries, including extreme pain, harm, mental distress, suffering, embarrassment, loss of dignity, loss of individuality and extreme physical impairment, and death.

## CLAIM FOR VIOLATION OF THE
## TENNESSEE MALPRACTICE ACT

40. The acts or omissions of Defendants as set forth above occurred in a facility or were committed by staff of a facility licensed or required to be licensed under T.C.A. Chapters 68 and 33.

41. The acts or omissions of Defendants as set forth above constitute medical malpractice as defined by the Tennessee Malpractice Act.

42. As a direct and proximate result of the acts and omissions of Defendants as set forth above, Harold Eugene Brown suffered mental anguish, extreme physical and mental pain and suffering and physical injuries as described above.

43. As a further direct and proximate result of Defendants' conduct, Harold Eugene Brown required medical attention and hospitalization, thereby incurring medical expenses.

44. The acts of Defendants causing damages to Harold Eugene Brown as heretofore described, entitle Plaintiff to recover against Defendants both compensatory and punitive damages, as the acts and omissions of Defendants were the proximate cause of injuries to Harold Eugene Brown.

## CLAIM FOR DAMAGES

45. As a direct and proximate result of the negligence of Defendants(s) as set out above, Harold Eugene Brown, Deceased, suffered injuries including but not limited to physical harm, and also suffered extreme pain, suffering, mental anguish, disfigurement, embarrassment, loss of dignity, and extreme physical impairment and death. Furthermore, he required hospitalization, and incurred significant medical expenses.

## DEFENDANTS' MALICE

46. The severity of the Defendants's failures and actions and their consciously indifferent actions with regard to the welfare and safety of helpless residents such as Harold Eugene Brown, Deceased, constitute recklessness as such term is understood in law.

47. The Defendants undertook such conduct without regard to the health and safety consequences to those residents, such as Harold Eugene Brown, entrusted to its care. Moreover, such conduct evidences such little or no regard for its duties of care, good faith, and fidelity owed to Harold Eugene Brown, as to raise a reasonable belief

that the acts and omissions set forth above are the result of recklessness and a conscious indifference to Harold Eugene Brown's rights and welfare.

48. Furthermore, Defendants's actions constitute malice, as such term is understood in law.

49. By reason of such conduct, Plaintiff is entitled to and therefore asserts a claim for punitive damages in an amount sufficient to punish and deter the Defendants and others like them from such conduct in the future.

## DAMAGES

50. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that summons be issued and served upon the Defendants, commanding it to appear and answer herein, and that upon final hearing of this cause, Plaintiff take judgment against Defendants, for compensatory damages, including but not limited to damages for Plaintiff's medical care, pain, suffering, emotional distress, loss of enjoyment of life, and in addition, for exemplary damages in an amount to be decided by a Jury, including any applicable pre and post judgment interest, cost of Court, and for such other and further relief, at law or in equity, both general and special, to which Plaintiff may show herself justly entitled.

51. Plaintiff prays for exemplary damages against Defendants, as a result of Defendants's recklessness, malice, gross negligence and statutory violations set forth above.

## TOLLING OF LIMITATIONS

52. Plaintiffs would show that the statute of limitations in this matter has been tolled pursuant the Tennessee Code Section 28-1-106 because HAROLD BROWN was of unsound mind.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

*Stephen Hornbuckle* (signature)

Stephen S. Hornbuckle
Attorney Reg. No.: 023189
909 Fannin, Suite 3010
Houston, Texas 77010
Phone: 713/651-1980
FAX: 713/651-1984
ATTORNEY FOR PLAINTIFFS