UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BARBARA BROWN, individually and as surviving wife of Harold Eugene Brown, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 3:06-CV-240 (VARLAN/GUYTON) |
| SUN HEALTHCARE GROUP, INC, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

This civil action is before the Court on the defendants' Motion for Partial Dismissal [Doc. 10], Motion for Partial Judgment on Pleadings [Doc. 11], and Motion for Hearing to Present Oral Arguments [Doc. 27]. The defendants assert that plaintiff's claims of common law negligence, negligence per se, and breach of contract should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff opposes the defendants' motions. [Docs. 18 and 24]. The Court has carefully considered the motions, as well as the entire record, in light of the applicable law. For the reasons set forth herein, the defendants' motion to dismiss [Doc. 10] will be **GRANTED in part** and **DENIED in part** and defendants' motion for partial judgment on the pleadings [Doc. 11] and motion for oral arguments [Doc. 27] will be **DENIED**.

## I. Introduction

Plaintiff's decedent, Harold Brown ("Mr. Brown"), was admitted to the Marshall C. Voss Rehabilitation Center ("Voss"), a licensed nursing home, in September 2002, and resided there until August 2005. [Doc. 1 at ¶ 25]. While staying at Voss, Mr. Brown developed severe decubitus ulcers and suffered from dehydration and malnutrition, all because of an alleged failure on the part of the staff of Voss to properly care for Mr. Brown. [*Id.* at ¶¶ 26 - 28]. As a result of these injuries, Mr. Brown required medical attention and endured great pain and hardship. [*Id.* at ¶ 29]. It appears that these injuries eventually resulted in Mr. Brown's death. [*Id* at ¶¶ 39, 45].

On June 15, 2006, plaintiff, the surviving wife of Mr. Brown, filed the instant action, suing under theories of medical malpractice, negligence per se, and third party beneficiary breach of contract. On August 23, 2006, the defendants filed their answers, generally denying the plaintiff's allegations. On August 24, 2006, the defendants filed their motion to dismiss [Doc. 10], arguing that the plaintiff's claims of common law negligence, negligence per se, and breach of contract should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). On October 3, 2006, the defendants filed their motion for partial judgment on the pleadings [Doc. 11], arguing that the plaintiff had failed to respond to the motion to dismiss, thereby waiving any argument, and that the motion to dismiss should be granted. The plaintiff was subsequently granted an extension of time to respond to the motion to dismiss [Doc. 16], and the matter is now ready for the Court's consideration.

## II. Motion for Partial Dismissal

### A. Standard of Review

The defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### B. Plaintiff's Negligence Per Se Claims

The defendants argue that the plaintiff's common law negligence and negligence per se claims ("negligence claims") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. Specifically, the defendants contend that the state and federal regulations the plaintiff relies upon do not create an independent cause of action, that the negligence claims more properly fall under the aegis of the

3

Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. §§ 29-26-115 to 120, and that the TMMA establishes the burden of proof the plaintiff must meet in this case. The plaintiff argues that state and federal regulations[1] establish a minimum standard of care for nursing homes operating in Tennessee and that a breach of that minimum standard of care can support her negligence claims.

The Court notes that a District Court in the Northern District of Georgia addressed a similar issue in the case of *Brogdon v. National Healthcare Corp.*, 103 F. Supp. 2d 1322 (N.D. Ga. 2000). The *Brogdon* court, citing to the decisions of several other federal courts, found that Congress did not intend to create a private cause of action against nursing homes when it passed the Medicare and Medicaid acts. *Id.* at 1330-31; *see also Wheat v. Mass*, 994 F.2d 273, 276 (5th Cir. 1993); *Stewart v. Bernstein*, 769 F.2d 1088, 1092-93 (5th Cir. 1985); *Estate of Ayres v. Beaver*, 48 F. Supp. 2d 1335, 1339-40 (M.D. Fla. 1999); *Nichols v. St. Luke Ctr.*, 800 F. Supp. 1564, 1568 (S.D. Ohio 1992); *Chalfin v. Beverly Enters., Inc.*, 741 F. Supp. 1162, 1170-71 (E.D. Pa. 1989); *Fuzie v. Manor Care, Inc.*, 461 F. Supp. 689, 697 (N.D. Ohio 1977); *but see Roberson v. Wood*, 464 F. Supp. 983, 988-89 (E.D. Ill. 1979).

The Court further notes that the Tennessee Court of Appeals also recently addressed a similar issue in *Conley v. Life Care Centers of America, Inc.*, No. M2004-00270-COA-R3-CV, 2007 Tenn. App. LEXIS 13 (Tenn. Ct. App. Jan. 4, 2007), finding that a plaintiff could

---

[1] The plaintiff relies on the following statutory and regulatory sources in support of her negligence claims: the Nursing Home Resident's Rights Act, Tenn. Code Ann. § 68-11-901, *et seq.*; Rules of the Tennessee Department of Health, Standards for Nursing Homes, Tenn. Comp. R. & Regs. 1200-8-6-.01, *et seq.*; and 42 CFR 483.25.

not state a claim for negligence per se under the federal regulations found in 42 C.F.R. § 483. *Id*. at *45. The *Conley* court, also citing to several other courts, held that "[t]he federal regulations are simply too vague and general to constitute a standard of care by which a jury, or for that matter a court, can effectively judge the acts or omissions of health care providers and nursing home operators." *Id*. at *47; *see also Smith v. Bowen*, 656 F. Supp. 1093, 1097 (D. Colo. 1987); *Makas v. Hillhaven, Inc.*, 589 F. Supp. 736, 742 (M.D.N.C. 1984); *Stogsdill v. Manor Convalescent Home, Inc.*, 343 N.E.2d 589, 611-612 (Ill. 1976). The Conley court further found that the plaintiff's negligence per se claim fell under the purview of the TMMA, that the plaintiff's would be held to the local standard of care mandated by the TMMA, and that the plaintiff's attempt to rely upon the federal regulations to establish a "national standard of care" must fail. *Conley*, 2007 Tenn. App. LEXIS 13, at *49.

The Court agrees with the reasoning of *Brogdon* and *Conley* and finds that Congress did not intend to create a private cause of action against nursing homes under the Medicare and Medicaid Acts. Similarly, the Court finds that the Tennessee Legislature did not intend to create a private cause of action under the Nursing Home Resident's Rights Act, nor under the regulations governing nursing homes in Tennessee. *See* Tenn. Code Ann. § 68-11-901; Tenn. Comp. R. & Regs. 1200-8-6-.01. In the absence of a specific cause of action under federal or state statutes or regulations, the Court must next determine if this action falls under the purview of the TMMA.

In considering whether the plaintiff's action falls under the TMMA, the Court again finds Conley persuasive. The *Conley* court stated that "a medical malpractice action is an

5

action for damages for personal injury or death as a result of any medical malpractice by a health care provider, whether based upon tort or contract law." *Conley*, 2007 Tenn. App. LEXIS 13, at *32-33 (citations omitted). The Conley court went on to say that:

> [i]n medical malpractice cases, courts look to whether the decision, act, or omission complained of required the assessment of a patient's medical condition and whether the decision, act, or omission required a decision based upon medical science, specialized training, or skill. Where causes of action involve complaints about acts or omissions involving medical science and expertise, they fall within the scope of the [TMMA]; where they do not involve such training and knowledge, they generally sound in ordinary negligence.

*Id*. at *34. In the instant case, the plaintiff has alleged that Mr. Brown suffered injury because of a failure on the part of the staff of Voss to properly position Mr. Brown, and that Mr. Brown also suffered malnutrition and dehydration because of negligence on the part of Voss's staff. The Court finds that the decisions relating to the care of Mr. Brown required medical knowledge, and thus fall within the purview of the TMMA. Because the acts fall under the purview of the TMMA, the plaintiff's negligence per se claims must fail, as there can be no presumption of negligence under the TMMA unless the plaintiff establishes *res ipsa loquitor*, which she has not done. *See* Tenn. Code Ann. § 29-26-115(c). Accordingly, the defendants' motion to dismiss will be granted with respect to the negligence claims.

### C. Breach of Contract Claim

The defendants also argue the plaintiff's third party beneficiary breach of contract claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. Specifically, the defendants contend that there is no private

cause of action under the Medicaid Act and that a breach of contract claim is traditionally a matter of state law and does not present a federal question. The plaintiff contends that the law clearly supports a third party breach of contract claim and that such a claim invokes federal question subject matter jurisdiction.

The Court notes that the issue of a third party breach of contract claim under the Medicare and Medicaid Acts was also addressed in *Brogdon*, and the Court again finds that decision useful in deciding this matter. In addressing a similar third party beneficiary breach of contract claim against a nursing home, the *Brogdon* court turned to *Miree v. DeKalb County*, 433 U.S. 25 (1977). In *Miree*, the victims of an airline crash brought a diversity action against the owner of an airport, claiming that they were third party beneficiaries of a contract between the airport and the Federal Aviation Administration. *Id*. at 26-27. The *Miree* Court held that whether the plaintiffs were third party beneficiaries was a matter of state, not federal law. *Id*. at 29-33. In further summarizing *Miree*, the *Brogdon* court stated that

> [t]he Supreme Court noted in *Miree* that only "the rights of private litigants [were] at issue." The Court also acknowledged the federal interest in regulation of air safety, but found that interest insufficient to require application of federal common law. Moreover, the Court noted that the plaintiff's claims "involve[] this federal interest only insofar as such lawsuits might be thought to advance federal aviation policy by inducing compliance with FAA safety precautions. Finally, the Supreme Court concluded that the absence of any indication that Congress intended to displace state law supported its holding that state law governed the plaintiffs' entitlement to sue as third party beneficiaries."

7

*Brogdon*, 103 F. Supp. 2d at 1334 (citing *Miree*, 433 U.S. at 30, 32).

The *Brogdon* court then went on to hold that

> [l]ike in Miree, only private litigants are involved in this lawsuit. The [c]ourt also has found no indication that Congress intended to displace state law in this area. Lastly, the [c]ourt finds that [p]laintiffs' claims "will have no direct affect upon the United States or its Treasury," and implicate federal interests "only insofar as such lawsuits might be thought to advance federal . . . policy by inducing compliance" with Medicaid participation requirements. For these reasons, state law governs the issue whether [p]laintiffs may sue as third party beneficiaries.

*Id*. at 1334 (citing *Miree*, 433 U.S. at 32). Finally, in denying a motion to dismiss the third party breach of contract claim, the *Brogdon* court held that

> the absence of an implied cause of action under the Medicaid and Medicare Acts does not determine whether [p]laintiffs may sue as third party beneficiaries pursuant to the contract at issue. The question is whether [p]laintiffs may sue as third party beneficiaries under the contract, not whether Congress intended to create a private cause of action in a statute.

*Id*. (citations omitted).

Using *Miree* and *Brogdon* as a guide, the Court finds that there are only private litigants involved in this lawsuit; that there is no indication that Congress intended to displace state law in this area; and that the plaintiff's claims in the instant action "will have no direct affect upon the United States or its Treasury," and will implicate federal interests "only insofar as such lawsuits might be thought to advance federal . . . policy by inducing compliance" with Medicare and Medicaid participation requirements. *Miree*, 433 U.S. at 29, 32; *Brogdon*, 103 F.Supp. 2d at 1334. Therefore, the Court finds that the plaintiff may state

8

a claim for a third party breach of contract. Additionally, the Court finds that this claim will be governed by Tennessee law.

Accordingly, the Court will deny the defendants' motion to dismiss with respect to the third party breach of contract claim. However, while the plaintiff may choose to pursue a contract theory in this case, the third party breach of contract claim is governed by Tennessee law. Given that the Court has found that the questions at issue in this case involve medical malpractice, plaintiff's third party breach of contract claim will fall within the scope of the TMMA. *See Conley*, 2007 Tenn. App. LEXIS 13, at *32 (holding that "a medical malpractice action is an action for damages for personal injury or death as a result of any medical malpractice by a health care provider, whether based upon tort or contract law"). Therefore, the plaintiff must satisfy all of the requirements of the TMMA in order to succeed in her third party beneficiary breach of contract claim. *See* Tenn. Code Ann. §§ 29-26-115 to 120.

### III.     **Motion for Partial Judgment on Pleadings**

The defendants have also moved for partial judgment on the pleadings [Doc. 11], based upon the plaintiff's delay in responding to the defendants' motion for partial dismissal. In light of the difficulties plaintiff's counsel experienced with the Court's electronic filing system [*See* Doc. 12], the Court finds that the plaintiff's delay was excusable. Accordingly, the defendants' motion for partial judgment on the pleadings [Doc. 11] will be denied.

## IV. Motion for Hearing to Present Oral Argument

Finally, the defendants have also requested oral argument on this matter [Doc. 27]. Based upon the extensive briefing of this matter, the Court does not feel that oral arguments would be of further benefit. Accordingly, the defendants' motion for oral argument [Doc. 27] will be denied.

## V. Conclusion

For the reasons stated herein, the defendants' motion to dismiss [Doc. 10] will be **GRANTED in part**, such that plaintiff's negligence claims will be dismissed, and **DENIED in part** with respect to plaintiff's third party breach of contract claim. Furthermore, the defendant's motion for partial judgment on the pleadings [Doc. 11] and motion for oral arguments [Doc. 27] will be **DENIED**. Therefore, this case will proceed toward trial on plaintiff's medical malpractice and third party beneficiary breach of contract claims against defendants.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE