UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BARBARA BROWN, individually and as surviving wife of Harold Eugene Brown ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:06-CV-240 (VARLAN/GUYTON) |
| SUN HEALTHCARE GROUP INC, *et al.*, ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case came before the Court on September 24, 2007, for a Discovery Conference to resolve a discovery dispute between the parties. Participating by telephone on behalf of Plaintiff Barbara Brown ("Brown") was attorney Stephen Hornbuckle. Participating on behalf of Defendants Sun Healthcare Group Inc., ("Sun Healthcare"), Sunbridge Healthcare Corp., and Maplewood Health Care Center of Jackson was attorney Harry Ogden.

This is a civil action brought by Plaintiff Brown for breach of contract and medical malpractice against Defendants. Plaintiff's decedent Harold Brown (" Mr. Brown"), was admitted to the Marshall C. Voss Rehabilitation Center ("Voss"), a licensed nursing home, in September 2002 and resided there until August 2005. [Doc. 1 at ¶ 25]. While staying at Voss, Mr. Brown developed severe decubitus ulcers and suffered from dehydration and malnutrition, allegedly because of failure on the part of the staff of Voss to properly care for Mr. Brown. [*Id.* at ¶¶ 26-28].

Plaintiff has requested the following documents from Defendants: employment files of individuals who cared for Mr. Brown; incident reports of Mr. Brown that relate to his care; financial records of Defendants relevant to the claims for piercing the corporate veil in this matter; advertisements published by Defendants; census records for the Voss facility; charts outlining the corporate structure; and disciplinary records relating to neglect in general and Mr. Brown in particular. Plaintiff also seeks to compel answers to interrogatories regarding the proper parties in this case; names, identifying information, address, and telephone numbers for the employees of the Defendants who cared for Mr. Brown; other lawsuits involving Defendants; the names of persons on the governing body of the nursing home; and other items of unanswered discovery.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties in a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Evidence need not be admissible at trial in order to be discoverable. Id.

Based on the arguments of counsel at the September 24, 2007 hearing, and the entire record in this case, Plaintiff's Discovery Requests will be granted in part, denied in part as follows:

## I.     Plaintiff's Requests for Production

### A.     Request No. 9 and Request No. 19

In request no. 9, Plaintiff seeks incident reports and all documents pertaining to all investigations by Defendants concerning the incident in question. In request no. 19, Plaintiff seeks copies of all incident reports prepared by any employee of Defendants concerning Harold Brown. Defendants object to producing this information, citing privilege under various Tennessee statutes, and further argues that the request is vague, ambiguous, and subject to

multiple interpretations, and assumes that there was an "occurrence in question." At the hearing, the parties agreed these two requests are related.

The Defendants, at the hearing, requested leave to brief the legal bases for their objections to these requests. The Court finds that request to be well taken, and accordingly, all parties are given leave to file a brief on these requests on or before October 26, 2007.

### B. Request No. 11 and Request No. 12

Request no. 11 seeks a copy of each Defendants' Articles of Incorporation and any amendments thereto. Plaintiff seeks a copy of each Defendants' Bylaws, Amendments, and revisions thereto in request no. 12. The Plaintiff says she needs the documents on her claim to piece the corporate veil and hold all Defendants liable. Defendants agree to produce Charters, but object to providing other information on the basis of relevance. The Court finds that the requested documents in these two requests may be relevant to a claim in the case, and therefore, the Defendants' objections are overruled, and the documents shall be produced.

### D. Request No. 15 and Request No. 16

In request no. 15, Plaintiff seeks files of all personnel employed by Defendants and those involved in the care and treatment of Mr. Brown while he was a patient at Voss. Request no. 16 seeks a copy of all payroll records of all employees at the Voss Center. Defendants object to producing this information, citing privacy concerns, and further arguing that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. At the hearing, the parties agreed these two requests are related. The Court finds that the Defendants must produce the payroll records and files of those persons who were involved in the actual care and treatment of Mr. Brown. Redactions may be made for confidential matters of

a personal nature which do not relate to patient care of Mr. Brown. The balance of Defendants' objection is sustained.

### E. Request No. 17

Request no. 17 seeks copies of all assignment sheets, work schedules, and time sheets of all employees of the Voss Center. Defendants object to this request, citing irrelevancy, and further arguing it is overly broad, unreasonably burdensome, and unduly vexatious. The Court finds that the Defendants must produce the requested documents only of those persons who were involved in the actual care and treatment of Mr. Brown. The balance of Defendants' objection is sustained.

### F. Request No. 18

In request no. 18, Plaintiff seeks all financial statements, balance sheets, income statements, and tax returns for the years 2003 to the present. Defendants object to this request, citing relevancy. The Plaintiff argues that the information may be relevant to her attempt to pierce the corporate veil. The Court finds that the Defendants' objection is well taken and it is sustained.

### G. Request No. 24

Request no. 24 seeks copies of all advertisements and related documents distributed to residents or the public regarding care at Voss. Defendants object to this request citing relevancy, arguing representations made to the public are not part of Plaintiff's case. The Plaintiff argues that the information could show the Defendants' reckless state of mind. The Court finds that the Defendants' objection is well-taken, and it is sustained.

**H.     Request No. 26**

In request no. 26, Plaintiff seeks census records of the Voss facility. Counsel for Defendants advised the Court at the hearing that these files will be provided to Plaintiff subject to approval of client and a confidentiality agreement. Accordingly, this issue is **RESERVED** and the Court will address the matter further in the event an agreement cannot be reached by the parties.

**I.     Request No. 27**

Plaintiff's request no. 27 requests Defendants produce a chart outlining the corporate structure of Sun Healthcare. Plaintiff states Defendants indicated they may produce said chart. Counsel for Sun Healthcare advised the Court at the hearing that his client has not been able to locate a chart with the information Plaintiff requests, but will produce it if located.

**J.     Request No. 32, Request No. 33 and Request No. 35**

In request no. 32, Plaintiff seeks copies of disciplinary actions or letters of reprimand taken by Defendants against any employee pertaining to the care and treatment of Mr. Brown from October 2003, through October 2006. Defendants object to producing this information, citing privacy concerns, and further, the information may be privileged if determined to be incident reports.

Request no. 33 seeks copies of disciplinary actions or letters of reprimand taken by Defendants against any employee pertaining to improper residence care at the Voss Center from October 2003, through October 2005. Defendants object to producing this information, citing privacy concerns, and further, the information may be privileged if determined to be incident reports, and that the information is not relevant to admissible evidence in this case.

Finally, in the event Defendants claim the incident reports are privileged, Plaintiff requests the names and phone numbers of the employees involved in any incident which investigates allegations Mr. Brown was beaten while at the Voss Center. Defendants object to producing this information because it is uncertain this incident took place and that Plaintiff can ascertain who worked during Mr. Brown's residence at Voss and who provided care from other documents provided.

The Court will allow the parties to brief these issues, as on the issue of incident reports, on or before October 26, 2007.

## II. Plaintiff's Interrogatories

### A. Interrogatory No. 2

In interrogatory no. 2, Plaintiff seeks information pertaining to whether Plaintiff has named the proper parties to this action. Counsel advised the Court at the hearing that Defendants have answered this interrogatory.

### B. Interrogatory No. 7

Plaintiff's interrogatory no. 7 requests names and identifying information, including telephone numbers, regarding employees of Voss who provided any type of healthcare to Mr. Brown, or in any way monitored or supervised him from January, 2002 through December, 2005 and "all identifying documents reflecting the same." Defendants object to providing this information, citing privacy concerns. Defendants further argue that while certain information, such as a list of employees' addresses may be discoverable, Plaintiff's request is too broad in requesting personal information. The Court finds that the Defendants must identify those

6

employees of Voss who actually provided care or treatment to Mr. Brown.  The Court, however, agrees with Defendants that the last known address and telephone number of these employees is sufficient, and the Defendants' objection is sustained to that extent.

### C. Interrogatory No. 10

In interrogatory no. 10, Plaintiff seeks information pertaining to lawsuits against Voss; any other nursing home owned or operated by Sun Healthcare; Sunbridge Healthcare Corp. and their owners, in which it was claimed that a person or resident of the nursing home was injured or died as a result of alleged negligence.  Specifically, Plaintiff requests the style, case number, court filed in, the date the lawsuit was filed, and a statement indicating whether the lawsuit is still pending or has been resolved.  Defendants object to this request on the grounds that the request was overly broad and that the information requested is a matter of public record, thus, equally available to Plaintiff as Defendants.

"Discovery of other lawsuits is not a subject that is amenable to a *per se* rule.  The Court must look to the relevance of the other suits to the particular claims at issue."  Thornton v. State Farm Mutual Auto Ins. Co., No. 1:06-cv-00018, 2006 U.S. Dist. LEXIS 87845, at *5 (N.D. Ohio Dec. 5, 2006).  Other lawsuits could lead to evidence of knowledge.  Thornton, 2006 U.S. Dist. LEXIS 87845 at *6.  While there is case law that supports the limited production of pleadings from other lawsuits, "[i]t is well established that discovery need not be required of documents of public record which are equally accessible to all parties."  Securities and Exchange Comm'n v. Sloan & Co., 369 F.Supp. 994, 995 (S.D.N.Y. 1973).

The Court finds that the interrogatory is overbroad, in that it seeks irrelevant information.  However, the Court finds that other lawsuits against Voss fall within the broad definition of

7

relevance contemplated by the federal rules. The Court will limit the discovery of other lawsuits to those suits filed against the Voss facility in the general time period in which Mr. Brown was a patient at the facility, 2002 - 2005. The balance of the Defendants' objection is sustained.

### D.     Interrogatory No. 14

Plaintiff's interrogatory no. 14 requests Defendants to identify any management company which may have been involved in the operation of the Voss Center. Counsel advised the Court at the hearing that the Defendants have answered this interrogatory.

### E.     Interrogatory No. 15

In interrogatory no. 15, Plaintiff seeks the names, addresses, and telephone numbers of the members of the governing body of Voss for the period of January 2002 to December 2005. Defendants argue this information is irrelevant since the issue in the case is malpractice or breach of contract, not control of the facility. Plaintiff argues that she needs this information to establish her claim that Sun Healthcare Group, Inc., as parent company, in fact controls the business of Voss. The Court finds that this information may be relevant to Plaintiff's claims regarding the proper responsible party in this case, and accordingly, the Defendants' objection is overruled.

**IT IS SO ORDERED.**

ENTER:

   s/ H. Bruce Guyton   
United States Magistrate Judge