UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BARBARA BROWN, Individually and as Surviving Wife and as Next of Kin and as Personal Representative of the Estate of Harold Eugene Brown, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SUN HEALTHCARE GROUP, INC., *et al*.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 3:06-CV-240<br>　(VARLAN/GUYTON) |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 85] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the defendants' Motion to Sever and Stay [Doc. 42], Motion for Partial or Temporary Relief from the Court's Memorandum and Order on Discovery [Doc. 51], and Motion for Continuance and Relief from Scheduling Order. [Doc. 58] The parties appeared before the Court on April 4, 2008, for a hearing on the instant motions. Attorney Stephen S. Hornbuckle appeared on behalf of the plaintiff, and attorneys Harry P. Ogden and Kenny L. Saffles appeared on behalf of the defendants. The motions are now ripe for adjudication, and the Court will address each motion in turn.

**I.　Motion to Sever and Stay [Doc. 42]**

Defendants Sun Healthcare Group, Inc. and Sunbridge Healthcare Corporation (collectively "the Sun defendants") move the Court to sever the claims against the Sun defendants from those against defendant Maplewood Healthcare Center of Jackson, Inc. d/b/a Marshall C. Voss Health &

Rehabilitation Center ("Maplewood") and to stay all discovery in the Sun defendants proceedings pending the resolution of the Maplewood proceedings. In the alternative, the Sun defendants request that the trial in this matter be bifurcated, with the claims against Maplewood being tried first, followed by discovery and trial of the claims against the Sun defendants. The plaintiff opposes severing the parties, but does not oppose a bifurcation.

The Court finds that the claims against Maplewood and the claims against the Sun defendants arose out of the same transaction or occurrence, specifically, the alleged mistreatment of Mr. Brown, and that the claims share common questions of fact, specifically, whether that mistreatment occurred and, if so, whether that mistreatment constituted a breach of the duty of care owed to Mr. Brown. Given that both the direct liability claims against the defendants and the alter ego liability claims against the Sun defendants, will, to some extent, turn on the factual issue of whether Mr. Brown was properly cared for, the Court finds that joinder of Maplewood and the Sun defendants was appropriate and that severance would not be appropriate in this matter.

However, Rule 42 of the Federal Rules of Civil Procedure states in pertinent part that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" Wilson v. Morgan, 477 F.3d 326, 339 (6th Cir. 2007) (quoting Martin v. Heideman, 106 F.3d 1308, 1311 (6th Cir. 1997)).

In this matter, the Court finds that the interests of judicial economy and that the possibility of confusion of the jurors weigh in favor of bifurcating this trial. The Court also finds that the parties will not be prejudiced by a bifurcation of this matter. Accordingly, the defendants' motion [Doc. 42] is hereby **GRANTED**. It is **ORDERED** that the trial in this matter will be bifurcated, such that the direct liability claims against Maplewood and the Sun defendants will be tried first, and, should the jury find liability on the part of some or all of the defendants, the matter will proceed to a second trial on the issue of the alter ego liability of the Sun defendants. The Court further **ORDERS** that discovery be **STAYED** as to the alter ego liability of the Sun defendants, but not as to the direct liability claims against Maplewood and the Sun defendants. Should a second trial prove necessary, at that time the Court will enter a Scheduling Order addressing discovery and all other proceedings as to the second phase of the proceedings.

II. **Motion for Partial or Temporary Relief from the Court's Memorandum and Order on Discovery [Doc. 51]**

The defendants next move the Court for relief from a portion of the Court's Order [Doc. 38] dated October 9, 2007. Specifically, the defendants move the Court to stay discovery as to the plaintiff's Discovery Requests numbered 11, 12, and 27. The plaintiff opposes the motion, arguing that the requested information is relevant to the direct liability claims, and thus should be allowed at this time. The Court notes that Requests 11 and 12 relate to the defendants' articles of incorporation and by-laws, while Request 27 relates to a chart describing the corporate structure of the defendants. The Court finds that, given that the plaintiff has raised direct liability claims as to the Sun defendants, discovery as to these disputed items is relevant as to those claims and appropriate at this time. Accordingly, the defendants' motion [Doc. 51] is **DENIED**, and the defendants are **DIRECTED** to respond to Requests 11, 12, and 27 within fourteen (14) days of the

3

entry of this Order. Should the defendants be unable to respond to the requests within fourteen days, the parties are directed to contact chambers to schedule a telephone conference to address that issue.

**III.    Motion for Continuance and Relief from Scheduling Order [Doc. 58]**

Finally, the defendants move the Court for relief from the Scheduling Order [Doc. 32] previously entered in this matter.[1]  Specifically, the defendants move the Court to reset the discovery deadlines, as well as other deadlines, including the deadline for dispositive motions and the deadline for Daubert challenges.  During the hearing, the parties agreed to reset the discovery deadline in this matter to May 16, 2008.  However, given the swiftly approaching June 2, 2008, trial date, the Court finds that resetting the various motion deadlines in this matter is not appropriate.  Accordingly, the defendants' motion [Doc. 58] is **GRANTED** only to the extent that the Scheduling Order [Doc. 32] is **AMENDED** to reflect that all discovery as to the direct liability phase of the trial shall be completed by May 16, 2008.

**IT IS SO ORDERED.**

                                            **ENTER:**

                                            s/ H. Bruce Guyton
                                        United States Magistrate Judge

---

[1] The Court notes that the trial in this matter, previously scheduled to begin on February 5, 2008, was continued to June 2, 2008.  [Doc. 88]  Thus, the portion of the defendants' motion addressing the continuance has already been resolved, leaving only the portion addressing relief from the Scheduling Order.