UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BARBARA BROWN, Individually and as )
Surviving Wife and as Next of Kin and as )
Personal Representative of the Estate of )
Harold Eugene Brown, Deceased, )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )   No. 3:06-CV-240
                                        )   (VARLAN/GUYTON)
SUN HEALTHCARE GROUP, INC., *et al.*,   )
                                        )
          Defendants.                   )

**<u>MEMORANDUM AND ORDER</u>**

This civil action is before the Court pursuant to the Scheduling Order [Doc. 32 at ¶ 4(j)] for resolution of a discovery dispute between the parties. Specifically, the parties ask the Court to resolve the defendants' objections to plaintiff's discovery requests. The parties have briefed the remaining issues [Docs. 46, 47, 48, 50] and the matter is now ripe for adjudication. The Court will address each disputed discovery request in turn, and will preface each section by quoting the discovery request at issue and the defendants' response.

**I.      Request for Production Nos. 9 and 19**

Request No. 9:

> Copies of all incident reports and all documents pertaining to all investigation conducted by the Defendant concerning the occurrence in question undertaken after the incident, but prior to receiving written notice of the claim.

Defendants' Response:

> Objection. This request is vague, ambiguous, and is subject to multiple interpretations. Moreover, it assumes that there was an "occurrence in question," which is uncertain in meaning and not conceded by this Defendant. Furthermore,

this request seeks incident reports that are privileged and/or confidential under the Tennessee Peer Review Law of 1967, Tennessee Code Annotated § 63-6-219; the Health Data Reporting Act of 2002, Tennessee Code Annotated § 68-11-211 (and especially § 68-11-211(d)(1)(9)); Rule 1200-8-6-.11(f) of the Tennessee Standards for Nursing; 42 U.S.C. § 1395i-3(b)(1)(B) and § 1396r(b)(1)(B); and 42 C.F.R. 483.75(o)(3). Any and all discoverable documentation responsive to this request, if any, will be found in the resident chart which has been produced.

Request No. 19:

Copies of all incident reports prepared by any employee of the Defendants concerning HAROLD BROWN.

Defendants' Response:

Objection. This request is vague, ambiguous, and is subject to multiple interpretations. Furthermore, this request is overly broad, unduly burdensome, and seeks incident reports that are privileged and/or confidential under the Tennessee Peer Review Law of 1967, Tennessee Code Annotated § 63-6-219; the Health Data Reporting Act of 2002, Tennessee Code Annotated § 68-11-211 (and especially § 68-11-211(d)(1)(9)); Rule 1200-8-6-.11(f) of the Tennessee Standards for Nursing; 42 U.S.C. § 1395i-3(b)(1)(B) and § 1396r(b)(1)(B); and 42 C.F.R. 483.75(o)(3). Any and all discoverable documentation responsive to this request, if any, will be found in the resident chart which has been or will be produced.

In Request Nos. 9 and 19, Plaintiff seeks incident reports and all documents pertaining to all investigations by Defendants concerning the incident in question. Defendants object to producing this information, citing privilege under various sources, and further argues that the request is vague, ambiguous, and subject to multiple interpretations.

With respect to Defendants' claim that the language of the requests is overly vague, the Court finds that, given the limited time frame of Mr. Brown's care by defendant Maplewood Healthcare Center of Jackson, Inc. ("Maplewood"), coupled with the allegations in the complaint, that the request is sufficiently clear. The plaintiff seeks any records relating to the alleged lapses in the care of Mr. Brown, including any investigations into the same. Given that Mr. Brown was a resident at Maplewood for a relatively short time, approximately three years, the Court does not

find that a search of Defendants' records for responsive material would be overbroad or unduly burdensome.

The Court turns next to the question of privilege. Defendants have raised several possible sources of privilege. The Court addresses each of these privileges in turn.

    A.    <u>Tennessee Peer Review Law of 1967, Tenn. Code Ann. § 63-6-219.</u>

The first source of privilege cited by Defendants is the Tennessee Peer Review Law of 1967, codified at Tennessee Code Annotated § 63-6-219 (the "TPRL"). The TPRL provides, in pertinent part, that:

> All information, interviews, incident or other reports, statements, memoranda or other data furnished to any committee as defined in this section, and any findings, conclusions or recommendations resulting from the proceedings of such committee are declared to be privileged. All such information, in any form whatsoever, so furnished to, or generated by, a medical peer review committee, shall be privileged. The records and proceedings of any such committees are confidential and shall be used by such committee, and the members thereof only in the exercise of the proper functions of the committee, and shall not be public records nor be available for court subpoena or for discovery proceedings. . . . Nothing contained in this subsection (e) applies to records made in the regular course of business by a hospital or other provider of health care and information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any civil proceedings merely because they were presented during proceedings of such committee.

Tenn. Code Ann. § 63-6-219(e). In interpreting this portion of the statute, the Tennessee Supreme Court, quoting with approval an opinion of the South Carolina Supreme Court, held that:

> [t]he confidentiality statute provides that documents otherwise available from the original source do not become privileged merely because they are presented to the committee. We interpret the "otherwise available" language to mean that information that is available from a source other than the committee does not become privileged simply by being acquired by the review committee.

3

> Accordingly, the statute does not protect information if obtained from alternative sources. Hence, the plaintiff seeking discovery cannot obtain documents which are available from the original source directly from the hospital committee, but may seek them from alternative sources.

Stratienko v. Chattanooga-Hamilton County Hosp. Auth., 226 S.W.3d 280, 285-286 (Tenn. 2007) (quoting McGee v. Bruce Hosp. Sys., 312 S.C. 58, 439 S.E.2d 257, 260 (S.C. 1993)). Thus, reports prepared in the normal course of business by Defendants relating to the care of Mr. Brown are not protected merely because they have been provided to a peer review committee. Rather, the copies of the documents in the possession of a peer review committee are protected, but the documents may still be obtained from the original source, the Defendants. Accordingly, to the extent that some alternate source for responsive documents exists, the documents are not protected under the TPRL and it cannot bar discovery in this matter.

  B. Health Data Reporting Act of 2002, Tenn. Code Ann. § 68-11-211
    and Rule 1200-8-6-.11(f) of the Tennessee Standards for Nursing

Defendants next cite Tennessee's Health Data Reporting Act of 2002 (the "HDRA"), codified at Tennessee Code Annotated § 68-11-211.[1] The HDRA provides, in pertinent part, that:

> Every facility shall report unusual events, and certain other defined incidents, to the department. . . . An unusual event report form shall be developed by the department, in a format similar to the format utilized by the joint commission on accreditation of healthcare organizations (JCAHO), and shall be utilized for reporting the event or incident. The event report and the corrective action report reviewed or obtained by the department pursuant to this section and amendments to the reports, shall be confidential and not subject to discovery, subpoena or legal compulsion for release to any person or

---

[1] Defendants also cite to the regulations found at Tenn. Comp. R. & Regs. 1200-8-6.11(f). The language of the regulations mirrors that under the HDRA, and thus the Court need not address the regulations separately, instead considering both the relevant portion of the HDRA and the cited Tennessee regulation together.

4

> entity, nor shall the report be admissible in any civil or administrative proceeding, other than a disciplinary proceeding by the department or the appropriate regulatory board. The report is not discoverable or admissible in any civil or administrative action, except that information in any such report may be transmitted to an appropriate regulatory agency having jurisdiction for disciplinary or license sanctions against the impacted facility. However, the department must reveal, upon request, its awareness that a specific event or incident has been reported. The affected patient and the patient's family, as may be appropriate, shall also be notified of the event or incident by the facility.

Tenn. Code Ann. § 68-11-211(d)(1). Thus, under the HDRA, any event report, corrective action report, or amendments to either, filed with the Tennessee Department of Health are confidential and not subject to discovery. However, while any actual event report, corrective action report, and amendments to either, are protected, only those actual, specified documents are protected. Any internal incident reports or other documents prepared by the Defendants relating to Mr. Brown are not protected under the HDRA. Additionally, Defendants are required under the HDRA to notify an "affected patient and the patient's family" of any "events" or "incidents."

Accordingly, the Court finds that any incident reports, corrective action reports, or amendments to either, filed with the Tennessee Department of Health are protected under the HDRA, but only those specific documents. Thus, the Court finds that the HDRA cannot serve to protect any other documents not specifically described in the HDRA, such as internal documents or reports prepared by Defendants. To clarify, the Court finds that a report filed under the HDRA is privileged, but if, for example, a nursing home were to prepare its own internal report, and then later prepared a second report to submit to the HDRA, only the second report would be protected under the HDRA.

C. 42 U.S.C. § 1395i-3(b)(1)(B) and § 1396r(b)(1)(B); 42 C.F.R. 483.75(o)(3)

The next source of privilege cited by Defendants is found in the Social Security Act (the "SSA").[2] The SSA states, in pertinent part, that:

> A skilled nursing facility must maintain a quality assessment and assurance committee, consisting of the director of nursing services, a physician designated by the facility, and at least 3 other members of the facility's staff, which (i) meets at least quarterly to identify issues with respect to which quality assessment and assurance activities are necessary and (ii) develops and implements appropriate plans of action to correct identified quality deficiencies. A State or the Secretary may not require disclosure of the records of such committee except insofar as such disclosure is related to the compliance of such committee with the requirements of this subparagraph.

42 U.S.C. § 1395i-3(b)(1)(B) and § 1396r(b)(1)(B).

The Court is aware of only one other court that has construed the relevant portion of the SSA, the Supreme Court of Missouri in State ex rel. Boone Retirement Ctr. v Hamilton, 946 SW2d 740 (Mo. 1997), though a New York court has referenced the Boone Retirement Center opinion. See Hale v. Odd Fellow & Rebekah Health Care Facility, 188 Misc. 2d 498, 499 (N.Y. Misc. 2001) (referencing the Supreme Court of Missouri as the only court to construe the relevant portion of the SSA, but finding that the relevant privilege was waived by the inclusion of third parties during the deliberation of the committee). In Boone Retirement Center, the court held that:

> The statute limits the scope of the privilege to "records of such committee." This statutory privilege is exceedingly narrow. It protects the committee's own records -- its minutes or internal working papers or statements of conclusions -- from discovery. No

---

[2] Defendants also cite to the regulations found at 42 C.F.R. 483.75(o)(3). The language of the regulations mirrors that under the SSA, and thus the Court need not address the regulations separately, instead considering both the relevant portion of the SSA and the cited federal regulation together.

> honest reading of the statute, however, can extend the statute's privilege to records and materials generated or created outside the committee and submitted to the committee for its review.

Boone Retirement Center, 946 SW2d at 743.

The Court finds the reasoning in Boone Retirement Center persuasive and adopts it herein. Accordingly, the Court finds that the privilege created under the SSA applies only to the committee's own records, including its minutes, internal working papers, and statements of conclusions, not to documents generated outside the committee and submitted to the committee for its review. Accordingly, the Court finds that any internal committee documents relating to Mr. Brown are not discoverable, but documents prepared by Defendant and submitted to such a committee are not protected under this limited privilege and are discoverable.

D.    Privilege Log

Defendants have provided Plaintiffs with a Privilege Log on this issue. [Doc. 101] The Privilege Log identifies seventeen incident reports, but does not indicate the circumstances behind the creation of each (such as whether the report is one falling under the HDRA, or is only an internal report). Defendants' objections are **OVERRULED in part**, to the extent that Defendants are **DIRECTED** to review each of the documents identified on the Privilege Log and to produce those reports which do not qualify for the limited privileges the Court identified above. Such documents shall be produced within ten (10) days of the entry of this Order. Defendants' objections are **SUSTAINED in part**, to the extent that Defendants are further **DIRECTED** to produce an amended Privilege Log identifying those documents that they claim satisfy one of the privileges discussed above, and to provide sufficient identifying information to indicate how each document qualifies under the claimed privilege (such as an indication that the report was submitted to the Tennessee

Department of Health pursuant to the HDRA). Additionally, given the HDRA's family reporting requirement, Defendants are **DIRECTED**, if they have not already done so during the course of this litigation, to provide to Plaintiff within ten days of the entry of this Order a copy of the notice provided to the patient or family for each such "event" or "incident" related to Mr. Brown and to include on the amended Privilege Log an entry for each incident report, corrective action report, or amendment to either, filed with the Tennessee Department of Health in relation to Mr. Brown.

## II. Request for Production No. 32

Request No. 32:

> Copies of all disciplinary actions or letters of reprimand taken by Defendants against any employee of the Defendants pertaining to the care and treatment of HAROLD BROWN from October 2003, through October 2006.

Defendants' Response:

> Objection. This request is vague, ambiguous, and is subject to multiple interpretations. Furthermore, this request is overly broad, unduly burdensome, and seeks incident reports that are privileged and/or confidential under the Tennessee Peer Review Law of 1967, Tennessee Code Annotated § 63-6-219; the Health Data Reporting Act of 2002, Tennessee Code Annotated § 68-11-211 (and especially § 68-11-211(d)(1)(9)); Rule 1200-8-6-.11(f) of the Tennessee Standards for Nursing and 42 U.S.C. § 1395i-3(b)(1)(B) and § 1396r(b)(1)(B). Moreover, Defendant objects to providing personal information relating to its employees and former employees. The data sought by this request regarding these persons are confidential and private to those individuals. Plaintiff has shown no compelling reason at this stage of the litigation why the rights of privacy of these individuals should be overridden by Plaintiff's rights to reasonable discovery. See, e.g., Johnson v. Nissan North America, 146 S.W.3d 600 (Tenn. Ct. App. 2004), and the authorities cited therein, particularly Miller v. Federal Express Corp., 186 F.R.D. 376, 384 (W.D. Tenn. 1999).

In Request No. 32, Plaintiff seeks information relating to any disciplinary action taken against employees of the Defendants relating to the care and treatment of Mr. Brown. Defendants object, arguing that the request is overbroad, unduly burdensome, vague, and potentially privileged.

8

Defendants further argue that the information is confidential and that Plaintiff has not established a compelling reason for the production of such documents.

The Court addressed the privilege issue above. With respect to Defendants' claim that the request is vague and overbroad, the Court disagrees. The Court finds that the scope of the request, focused as it is on employees who were disciplined because of actions related to the care of Mr. Brown, the subject of the instant litigation, is neither overbroad nor vague. Additionally, given that Mr. Brown is deceased and suffered from dementia prior to his death, the Court finds that Plaintiff has established a pressing need for this information. Accordingly, Defendants' objection to Request No. 33 is **OVERRULED**, subject to the Court's ruling above on the issue of privilege. Defendants are **DIRECTED** to provide the requested materials within twenty (20) days of the entry of this Order. Given the confidential nature of such documents, the documents shall be produced in accordance with the Consent Order Regarding Privacy and Confidentiality [Doc. 55] entered in this case. Should any documents responsive to this request fall under the scope of one of the privileges identified above, Defendants are **DIRECTED** to include such document on their amended Privilege Log, identifying what privilege is claimed and providing the information necessary to support such a claim.

### III.     Request for Production No. 33

Request No 33:

> Copies of all letters of reprimand or disciplinary actions taken by Defendants against any employee pertaining to improper resident care at MARSHALL C. VOSS REHABILITATION CENTER from October 2003, through October 2006.

Defendants' Response:

> Objection. This request seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence in this civil action. In addition, this request is vague, ambiguous, and is subject to multiple interpretations. Furthermore, this request is overly broad, unduly burdensome, and seeks incident reports that are privileged and/or confidential under the Tennessee Peer Review Law of 1967, Tennessee Code Annotated § 63-6-219; the Health Data Reporting Act of 2002, Tennessee Code Annotated § 68-11-211 (and especially § 68-11-211(d)(1)(9)); Rule 1200-8-6-.11(f) of the Tennessee Standards for Nursing and 42 U.S.C. § 1395i-3(b)(1)(B) and § 1396r(b)(1)(B). Moreover, Defendant objects to providing personal information relating to its employees and former employees. The data sought by this request regarding these persons are confidential and private to those individuals. Plaintiff has shown no compelling reason at this stage of the litigation why the rights of privacy of these individuals should be overridden by Plaintiff's rights to reasonable discovery. See, e.g., Johnson v. Nissan North America, 146 S.W.3d 600 (Tenn. Ct. App. 2004), and the authorities cited therein, particularly Miller v. Federal Express Corp., 186 F.R.D. 376, 384 (W.D. Tenn. 1999).

In Request No. 33, Plaintiff seeks information related to any disciplinary action of any employee relating to improper resident care during a period of time coinciding with Mr. Brown's residence at Maplewood. Defendants object, arguing that the request is irrelevant, vague, overbroad, unduly burdensome, and potentially privileged. Defendants further argue that the information is confidential and that Plaintiff has not established a compelling reason for the production of such documents.

The Court addressed the privilege issue above. With respect to Defendants' other objections, the Court finds this request to be overbroad and unduly burdensome. Given the much greater scope of this request, as opposed to the narrow scope of Request No. 32 which relates only to individuals disciplined in relation to the care of Mr. Brown, the Court finds that Plaintiff has not, at this time, made a sufficient showing to support such a broad request of confidential information. Accordingly, Defendants' objection is **SUSTAINED** with respect to Request No. 33.

## IV. Request for Production No. 35

Request No 35:

If you claim that the incident report is privileged, we would like at very minimum, the name and phone number of the employee, date, and time that this incident took place.

Defendants' Response:

Objection. This request is vague, ambiguous, and is subject to multiple interpretations. Moreover, the request is argumentative and assumes that an "incident took place," which is uncertain and specifically denied by this Defendant. Without waiving these objections, Plaintiff can ascertain who worked during Harold Eugene Brown's residency and who provided care to Harold Eugene Brown from the medical chart and other documents.

Request No. 35 represents a request in the alternative, with Plaintiff seeking contact information of any employees involved in events described in privileged, and thus undiscoverable, incident reports. Defendants object, arguing that the request is vague and assumes that incidents took place, which Defendants deny. The Court addressed the issue of privilege above. In light of that ruling, Defendants' objection is **SUSTAINED** to the extent that Defendants need not provide the requested information in relation to incident reports which Defendants produce in accordance with the Court's ruling above, and **OVERRULED** to the extent that Defendants shall provide the requested information for employees, or what information Defendants possess as to former employees, related to the events described in any incident reports which Defendants contend fall within the limited privileges the Court described above. The defendants shall provide such information within ten (10) days of the entry of this Order.

## V.  Conclusion

Accordingly, for the reasons set forth above, Defendants' objections are **SUSTAINED in part**, **OVERRULED in part**, and Defendants are **DIRECTED** to comply with this Order as set forth herein.

**IT IS SO ORDERED.**

ENTER:

_s/ H. Bruce Guyton_
United States Magistrate Judge