UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BARBARA BROWN, Individually and as | ) | |
| Surviving Wife and as Next of Kin and as | ) | |
| Personal Representative of the Estate of | ) | |
| Harold Eugene Brown, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:06-CV-240 |
| | ) | (VARLAN/GUYTON) |
| SUN HEALTHCARE GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This civil action is before the Court for consideration of Plaintiff Barbara Brown's

("Plaintiff") Motion to Non-Suit.  [Doc. 163.]  In the motion, Plaintiff requests that the

claims against all Defendants be non-suited without prejudice.  Defendants Sun Healthcare

Group, Inc.; Sunbridge Healthcare Corporation d/b/a Marshall C. Voss Rehabilitation Center;

Maplewood Healthcare Center of Jackson, Inc., d/b/a Marshall C. Voss Health and

Rehabilitation Center ("Defendants") respond that the Court should only grant Plaintiff's

motion subject to certain terms and conditions. [*See* Doc. 164.]  Plaintiff replies that

dismissal without prejudice is sought only because Plaintiff believes the Court does not have

subject matter jurisdiction in this case, so dismissal should be without the terms and

conditions Defendants seek. [*See* Doc. 165.]  The matter is now ripe for the Court's

determination.  For the reasons that follow, the Court will dismiss Plaintiff's suit pursuant

to Fed. R. Civ. P. 12(h)(3). Accordingly, Plaintiff's Motion to Non-Suit [Doc. 163] will be denied as moot.

## I.      Relevant Facts

On June 16, 2006, Plaintiff filed the original complaint in this civil action. On March 7, 2007, the Scheduling Order [Doc. 32] was entered in this case. The Scheduling Order set jury trial for February 5, 2008. [*Id.*] The jury trial was subsequently reset for June 2, 2008, in order to give parties an opportunity to mediate this case. [Doc. 88.] After unsuccessful mediation, a final pretrial conference was held on May 23, 2008. [*See* Doc. 143.] During a telephonic status conference on May 28, 2008, the Defendants informed the court that there was an issue of subject matter jurisdiction in this case and sought continuance of the trial date, to which Plaintiff objected. [*See* Doc. 145.] The Court continued the telephonic status conference until May 29, 2008, to give the parties an opportunity to brief the issue of subject-matter jurisdiction. [*Id.*] While Defendants filed a brief regarding the subject-matter jurisdiction issue [Doc. 146], Plaintiff did not file any brief prior to the continued telephonic status conference. At the continued telephonic status conference on May 29, 2008, the parties agreed to continue the trial and agreed to a briefing schedule regarding the subject-matter jurisdiction issue. [*See* Doc. 148.] In light of the agreement of the parties at the continued telephonic status conference, Plaintiff was given leave until June 13, 2008, to file any relevant motions as to the subject-matter jurisdiction issue. [Doc. 147.]

Plaintiff then sought to amend her amended complaint [Docs. 150, 155] by adding federal question claims, which the Court denied on August 21, 2008. [Doc. 162.] Plaintiff then filed the present Motion to Non-Suit [Doc. 163] on August 21, 2008.

## II.    Analysis

Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  In the present case, Defendants contend that it would be proper to impose certain terms and conditions on Plaintiff's request for dismissal as "terms that the court considers proper."  Defendants seek attorney's fees and costs.  Defendants also request certain other conditions: (1) any discovery already conducted not be re-conducted in any subsequent action; (2) no new witnesses or exhibits be identified and used at trial in any subsequent action that were not already identified in this action; (3) the Consent Order for Privacy and Confidentiality [Doc. 55] be carried over to any subsequent action; (4) the Court's ruling that the liability phase of this case shall be conducted first, prior to any discovery or trial on the "piercing the corporate veil" issue, be carried over to any subsequent action; and (5) the Court's ruling that the incident reports sought by Plaintiff were privileged under the Tennessee Peer Review Law of 1967 and/or the Tennessee Health Data Reporting Act of 2002 be carried over to any subsequent action.  Plaintiff replies that she only seeks dismissal because she believes the Court lacks subject matter jurisdiction over this case based on diversity, and imposition of Defendant's conditions is unnecessary and would lead to withdrawal of the motion for voluntary dismissal.

3

Before addressing the present motion, the Court finds that subject matter jurisdiction is lacking in this case. Based on *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279 (6th Cir. 1990), Defendants challenged Plaintiff's basis for diversity jurisdiction because formal separation between the Defendants is lacking. [*See* Docs. 145, 146.] When given the opportunity to address the implications of *Schwartz* and the subject matter jurisdiction issue [*see* Doc. 162 at 9], Plaintiff filed the present motion for voluntary dismissal [Doc. 163] and stated that she "believes the Court does not have subject matter jurisdiction over this case based on diversity" [Doc. 165.] Based on *Schwartz* and the Plaintiff's representations to the Court, she has not met her "burden of persuading the court that it has subject matter jurisdiction." *Am. Fed'n of Gov't Employees v. Clinton*, 180 F.3d 727, 729 (6th Cir. 1999).

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Furthermore, "[n]o formal motion is needed to raise the issue." *Bauer v. RBX Indus., Inc.*, 368 F.3d 569, 581 (6th Cir. 2004). Thus, the Court will dismiss this case for lack of subject matter jurisdiction, and Plaintiff's Motion for Non-Suit will be rendered moot.

The remaining question is whether the dismissal in this case should be subject to the terms and conditions Defendants seek. Under certain circumstances, dismissal without prejudice has been found improper when a great deal of time, money and energy has been

4

expended by all parties to a litigation. *Ali v. St. John Hosp.*, No. 87-1087, 1987 WL 30582, at *2 (6th Cir. Dec. 30, 1987). Such circumstances are present in this case given the late stage of litigation. However, the Court notes that *Ali* was dismissed pursuant to Fed. R. Civ. P. 41(a)(2) after nine of ten counts were dismissed on motions to dismiss and summary judgment, not pursuant to Fed. R. Civ. P. 12(h)(3) as in the present case. *Ali*, 1987 WL 30582, at *2. Thus, despite other similarities, this distinction guides the Court's determination of the terms and conditions issue. To the extent Defendants seek attorney's fees and costs, the Court notes that the Sixth Circuit has vacated awards of attorney's fees "if the district court did not have subject matter jurisdiction over the litigation." *Lynch v. Leis*, 382 F.3d 642, 648 (6th Cir. 2004). As for the other terms and conditions sought by Defendants, the Sixth Circuit has recognized that prejudice does not attach when there is a want of jurisdiction. *Bauer*, 368 F.3d at 581. Likewise, Fed. R. Civ. P. 41(b) specifically excepts a dismissal for "lack of jurisdiction" from operating as an adjudication on the merits. Such authority recognizes the special nature of jurisdictional dismissals and resistance to imposing terms and conditions in such cases. Likewise, the Court will not impose the terms and conditions sought by Defendants because this case is being dismissed pursuant to Fed. R. Civ. P. 12(h)(3), though all costs of court will be taxed against Plaintiff in light of the parties' agreement as to that issue. [*See* Docs. 163, 164.]

### III. Conclusion

For the reasons herein, the Court finds that dismissal of this action is proper. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(h)(3), the Court hereby **DISMISSES without prejudice** the claims against Defendants with all costs of court to be taxed against the Plaintiff. Plaintiff's Motion to Non-Suit [Doc. 163] is hereby **DENIED as moot**. The clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE